**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| PAUL KEESLING,<br><br>     Petitioner,<br><br>  v.<br><br>L.S. McEWEN, Warden, <u>et al.</u>,<br><br>     Respondents. | No. SA CV 13-1438-JSL (PLA)<br><br>**ORDER ACCEPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE** |

## <u>INTRODUCTION</u>

On February 5, 2014, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be denied and the action dismissed with prejudice.  Thereafter, on March 10, 2014, petitioner filed his "Objection to Report and Recommendation of Magistrate Judge" ("Objections").

/

/

/

/

/

**DISCUSSION**

In his Objections, petitioner argues that he is entitled to equitable tolling of the statute of limitations because he has suffered "mental incompetence" since childhood, and because he received incompetent legal assistance in preparing his Petition.  Petitioner also argues that he is actually innocent.  (Objections at 4-9).

As an initial matter, the Court notes that petitioner's assertions of entitlement to equitable tolling based on mental incompetence and inadequate legal assistance are new claims.  He did not raise them either in his Petition or in his Opposition to the Motion to Dismiss.  Petitioner was required, pursuant to the Magistrate Judge's "Order Requiring Response to Petition for Writ of Habeas Corpus" (the "Order"), filed September 17, 2013, to raise a claim of entitlement to equitable tolling in his opposition to a motion to dismiss, and was advised that the Court would not consider a claim for equitable tolling raised after the issuance of the Report and Recommendation. (See Order at 3).  A district court, however, has discretion, but is not required, to consider claims presented for the first time in a party's objections.  See Akhtar v. Mesa, 698 F.3d 1202, 1208-09 (9th Cir. 2012); Brown v. Roe, 279 F.3d 742, 744-45 (9th Cir. 2002); United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000).  Given petitioner's pro se status, and the fact that he is alleging mental incompetence as a basis for equitable tolling, the Court exercises its discretion to address petitioner's new claims of equitable tolling as well as his claim of actual innocence.

**A.  Mental Impairment**

In support of his claim for equitable tolling based on mental impairment, petitioner asserts that he has "suffered []his entire life[] from severe 'Attention Deficit Disorder' (ADD) and 'Obsessive Compulsive Disorder' (OCD) which has been beyond his ability to control or correct although being previously enrolled in special education programs that sought to provide treatment of his disorders."  (Objections at 4).  He explains that he "remains mentally impaired" as a result of his ADD and OCD, and asserts that these conditions have caused "repeated unwanted inflictions of dangerous anti-social relationships with others," "threats of physical violence for involuntarily upsetting others he lives with [as a result of] his mental handicaps," and have led to a lifetime of being "manipulated, abused by others, and in many respects taken advantage of."

(Objections at 4-5).  He is in the process of obtaining elementary school records that, he argues, will document his "history of mental disorders, and those corrective [special education] programs he was enrolled in as a result."[1]  (Objections at 6).

To warrant equitable tolling based on a mental impairment, a petitioner must show: (1) his mental impairment was so severe that he either was "unable rationally or factually to personally understand the need to timely file," or that his mental state "rendered him unable personally to prepare a habeas petition and effectuate its filing"; and (2) he was diligent in pursuing his claims, "but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance."  See Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010).

After reviewing the record, the Court concludes that petitioner's claim for equitable tolling based on mental impairment fails.  First, petitioner offers no evidence in support of his assertion that his alleged ADD and OCD were so severe that they rendered him unable to seek timely federal habeas relief, and fails to explain with sufficient specificity how these alleged mental disorders created an "extraordinary circumstance" that made it impossible for him to file his Petition.  See, e.g., Holbert v. Folsom State Prison, 2010 WL 1678276, at *4 (C.D. Cal. Feb. 9, 2010), report and recommendation adopted, 2010 WL 1686222 (C.D. Cal. Apr. 21, 2010) ("There is no evidence here that Petitioner's attention deficit disorder made him unable to file a timely habeas corpus petition . . . or created an 'extraordinary circumstance' beyond his control making it impossible for him to file a timely federal petition"); Geha v. Knowles, 2008 WL 2620881, at *8-9 (E.D. Cal. July 2, 2008) ("The evidence [including evidence of petitioner's attention deficit disorder] fails to show that [p]etitioner's mental capacity created 'extraordinary circumstances' beyond his control that made it impossible to file a federal application on time.") (citation omitted).  Next, even if petitioner were to obtain his elementary school records, he fails to explain how these records would show that his ADD and OCD -- years later -- were the actual cause of his failure to meet the

---

[1]   In his Objections, petitioner requests that the Court stay this matter while he attempts to obtain his elementary school records.  (Objections at 9-10).  For the reasons explained herein, petitioner's request is **denied**.

AEDPA deadline.  See Bills, 628 F.3d at 1097 ("where a habeas petitioner can show 'mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an 'extraordinary circumstance . . .,' and the deadline should be equitably tolled.") (emphasis in original) (quoting Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003)).  In any event, the fact that petitioner was able to file a total of three state habeas petitions during the one-year statutory period reflects that his alleged mental disorders were not the cause of his untimeliness.  (See, generally, Lodgments No. 7, 9, 11).  In other words, given petitioner's ability to pursue state habeas relief, the Court concludes that he has not made a showing that his ADD and OCD rendered him unable to understand the need to timely file, or otherwise rendered him unable to prepare and file his Petition.

### B.    Legal Assistance

In his Objections, petitioner also appears to seek equitable tolling on the ground that he has received incompetent legal assistance while preparing his various habeas filings.  This claim fails because prisoners in California are not entitled to legal assistance in collateral proceedings as a matter of right.  See Miranda v. Castro, 292 F.3d 1063, 1067-68 (9th Cir. 2002) (denying equitable tolling for attorney negligence because there is no right to assistance of counsel, including effective assistance of counsel, regarding post-conviction relief); see, e.g., Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986) (release of inmate, who assisted petitioner before post-conviction petition needed to be appealed, insufficient to establish cause for default); Amavisca v. Scribner, 2006 WL 3635461, at *5 (E.D.Cal. Dec. 8, 2006) ("Petitioner's reliance on a fellow inmate and the prison's failure to provide Petitioner with legal assistance are not sufficient [to warrant equitable tolling], because prisoners in California are not entitled to legal assistance in collateral proceedings as a matter of right."); see also Reid v. Lambert, 2004 WL 1305249, at *1 (D.Ore. March 29, 2004) (noting that a petitioner's attorney's negligence with regard to calculating the limitations period generally "do[es] not constitute [an] extraordinary circumstance[] sufficient to warrant equitable tolling," and finding that the "alleged dereliction of [a]n inmate legal assistant is even less compelling.") (citations omitted); Mendez v. Artuz, 2000 WL 991336, at *2 (S.D.N.Y. July 9, 2000) ("[A] fellow inmate's inaccurate legal advice as to the requirements of the

1   AEDPA is not an extraordinary or exceptional circumstance warranting equitable tolling.").

2   Accordingly, petitioner's lack of competent legal assistance in preparing a federal petition does

3   not justify tolling.

4        **C.    Actual Innocence**

5        Lastly, petitioner contends in his Objections that he did not commit the underlying offense

6   for which he was convicted but "another person did who knew [p]etitioner and used [his] clothing

7   which linked [p]etitioner to the crime." (Objections at 8). The Court construes this contention as

8   a claim of actual innocence. "[A]ctual innocence, if proved, serves as a gateway through which

9   a petitioner may pass whether the impediment is a procedural bar . . . or . . . [the] expiration of the

10  statute of limitations." McQuiggin v. Perkins, __ U.S. __, 133 S.Ct. 1924, 1928, 185 L.Ed.2d

11  (2013). In order to qualify for the "actual innocence" procedural gateway set forth in Schlup v.

12  Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), a petitioner must "support his

13  allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific

14  evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented

15  at trial." Schlup, 513 U.S. at 324. Thereafter, a petitioner must demonstrate that "it is more likely

16  than not that no reasonable juror would have convicted him in the light of the new evidence." Id.

17  at 327. The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare"

18  (Perkins, 133 S.Ct. at 1928 (quoting Schlup, 513 U.S. at 329)), and that the exception applies only

19  in "certain exceptional cases involving a compelling claim of actual innocence." House v. Bell, 547

20  U.S. 518, 522, 126 S.Ct. 2064, 2068, 165 L.Ed.2d 1 (2006).

21       Here, other than saying "another person" was the culprit, petitioner offers no explanation

22  or information in support of his purported claim of actual innocence. (See Objections at 8). Under

23  these circumstances, because petitioner has not proffered any reliable evidence showing he is

24  factually innocent within the meaning of Schlup, his claim fails. Thus, he is not entitled to

25  consideration of his untimely claims pursuant to the actual innocence exception. Id.

26  /

27  /

28

## CONCLUSION

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and petitioner's objections to the Report and Recommendation.  The Court has made a de novo review of those portions of the Report and Recommendation to which objections have been made.  The Court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED THAT:

1.      The Report and Recommendation is accepted.

2.      Judgment shall be entered dismissing the action with prejudice.

3.      The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: April 15, 2014

_____
HONORABLE J. SPENCER LETTS
SENIOR UNITED STATES DISTRICT JUDGE

6